IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,**

Petitioner,

v.

**ÁNGEL COLLADO-SCHWARZ,**

Respondent.

CASE NO. 19-1248 (GAG)

**OPINION AND ORDER**

Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch" or "Petitioner") filed the above-captioned petition for confirmation of an arbitration award entered in favor of Merrill Lynch on March 20, 2018, pursuant to the Federal Arbitration Act of 1947 ("FAA"), as amended, 9 U.S.C. §§ 1 *et seq.*, by the Financial Industry Regulatory Authority's ("FINRA") Office of Dispute Resolution, Angel Collado v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Case Number 16-1592. (Docket No. 1). Petitioner invokes the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

I.  **Relevant Factual and Procedural Background**

Respondent Ángel Collado-Schwarz ("Collado-Schwarz" or "Respondent") held a brokerage account at Merrill Lynch. (Docket No. 1 ¶ 9). In connection with his Merrill Lynch account, Collado-Schwarz agreed to arbitrate any controversies concerning any

transaction in the account before any self-regulatory organization or exchange of which Merrill Lynch is a member. (Docket No. 1 ¶ 11).

On May 31, 2016, Collado-Schwarz filed a Statement of Claim before FINRA against Merrill Lynch alleging losses resulting from unsuitable investment recommendations. (Docket No. 1-3). Mr. Reiss, one of Collado-Schwarz's financial consultants at Merrill Lynch assigned to his account, was not named as a respondent in the Arbitration. (Docket No. 1 ¶¶10, 13). Merrill Lynch answered Collado-Schwarz's claim, denying any and all liability with respect to the allegations made in the Statement of Claim. (Docket No. 1-4). Merrill Lynch also included a Counterclaim for breach of contract in relation to the unpaid margin loan balance in Collado-Schwarz's account. Id. Collado-Schwarz answered Merrill Lynch's Counterclaim, denying the debt. (Docket No. 1-5). On February 12 to 21, 2018, a final evidentiary hearing in the arbitration proceeding was held in San Juan, Puerto Rico before a panel of three arbitrators. (Docket No. 1 ¶16). On March 20, 2018, the Arbitration Panel rendered the Award in full and final resolution of the claims submitted for determination. (Docket No. 1 ¶17).

The Panel's Award, in the relevant parts, resolved as follows: (1) denying Collado-Schwarz's Statement of Claim in its entirety; (2) granted Merrill Lynch's Counterclaim, finding Collado-Schwarz liable for the sum of $138,860.00 plus interest at the Commonwealth of Puerto Rico judgment rate (5.25%) from the date of the Award until payment of the Award in full, and (3) recommended the expungement of all references to

the claim from Mr. Reiss' (CRD #5814882) registration records maintained by the CRD. (Docket No. 1-1 at 3).

FINRA is an independent regulator for all securities firms doing business in the United States. Pursuant to FINRA Rule 2080, FINRA must be named as a party in a petition for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief, unless specifically waived in writing by FINRA. Accordingly, the Award relevant to this Petition advised that, unless specifically waived in writing by FINRA, the parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with the appropriate documents. (Docket No. 1 ¶7). In a letter dated May 3, 2018, FINRA waived the right to be named as a party in the instant action to confirm the Award. Therefore, Petitioner is not required to include FINRA as a party in this judicial proceeding. Id. ¶8.

Respondent Collado-Schwarz moves to dismiss Merrill Lynch's petition under section 9 of the FAA arguing the Court lacks subject matter jurisdiction. (Docket No. 22). Namely, Respondent contends that because the expungement relief requested is on behalf of a non-party, said non-party must be joined for the Court to grant expungement relief. (Docket No. 22 ¶ 8). Respondent further argues that the inclusion of Mr. Reiss as party would destroy complete diversity, since Mr. Reiss and respondent, are both residents of the Commonwealth of Puerto Rico. Id. ¶ 9. Respondent claims that because Mr. Reiss is

non-diverse yet indispensable party, complete diversity between the parties does not exist, and thus, the Court lacks subject-matter jurisdiction over this action. Id.

Following Respondent's motion to dismiss, the undersigned ordered Petitioner to "show cause as to why this case should not be dismissed for lack of jurisdiction given that [Mr.] Reiss is indispensable party." (Docket No. 25.) Petitioner complied, responding in opposition to Collado-Schwarz's motion to dismiss, and argues that Mr. Reiss is not an indispensable party and that the main relief requested by Merrill Lynch in this action the confirmation of the Award. (Docket No. 26). In support, Petitioner posits that the expungement relief request is "[t]he incidental effect [of] the confirmation of the Award." Id.

## II. Legal Analysis and Discussion

In 1925, Congress enacted the FAA to "overcome judicial resistance to arbitration" and establish a "national policy favoring arbitration" of disputes. Vaden v. Discover Bank, 556 U.S. 49, 58 (2009) (citations and internal quotations marks omitted). The FAA's various provisions create a body of substantive federal law that is equally binding on state and federal courts. Id. at 59 (citations omitted). "The confirmation of an arbitration award finalizes the award and makes the award a judgment of the court." Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 13 (1st Cir. 2013).

The FAA is silent as to subject-matter jurisdiction: it "bestow[s] no federal jurisdiction but rather require[es] [for access to a federal forum] an independent

**Civil No. 19-1248 (GAG)**

jurisdictional basis over the dispute between the parties." <u>Vaden</u>, 556 U.S. at 59 (citations and internal quotations marks omitted). As a result, state courts play a significant role in enforcing the provisions of the FAA. <u>Id.</u> To open the federal court's door, a party must demonstrate an independent basis for jurisdiction over the arbitration-related dispute. See <u>Hall Street Assocs., LLC v. Mattel, Inc.</u>, 552 U.S. 576, 581 (2008).

In this action, Merrill Lynch relies on the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as its independent jurisdictional basis. (Docket No. 1, ¶ 3). Merrill Lynch is a Delaware corporation and a licensed securities broker-dealer with its principal place of business located in New York, New York. (Docket No. 1 ¶5). Respondent Collado-Schwarz initiated the Arbitration against petitioner Merrill Lynch, and, upon information and belief, resides in San Juan, Puerto Rico. (Docket No. 1 ¶6). Venue is proper under the provisions of 9 U.S.C. § 9, given that this application is made to the United States District Court in the district which the Award was made, and where the events alleged or referred in the Statement of Claim filed by Respondent in the Arbitration occurred.

In moving to dismiss, Respondent argues that because relief is partially on behalf of an absent party, said non-party must be joined for the court to grant the expungement relief requested. (Docket No. 22). As discussed above, Collado-Schwarz's request for dismissal is limited to his assertion that Reiss is a required party and that his joinder would destroy diversity jurisdiction.

**Civil No. 19-1248 (GAG)**

      A. Rule 19

Rule 19 of the Federal Rules of Civil Procedure addresses circumstances in which a lawsuit is proceeding without particular parties whose interests are central to the suit. Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008). Rule 19 provides for the joinder of such "necessary" parties when feasible. FED. R. CIV. P. 19(a). "It then provides for the dismissal of suits when the court determines that the joinder of the 'necessary' parties is not feasible, but that they are, nonetheless, so 'indispensable' that the suit must not be litigated without them." FED. R. CIV. P 19(b).[1]

"The Rule calls for courts to make pragmatic, practical judgments that are heavily influenced by the facts of each case." Bacardi Int'l Ltd., 719 F.3d at 9 (citing Picciotto, 512 F.3d at 14-15; Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 635 (1st Cir. 1989)); see also 7 C. Wright & A. Miller, Federal Practice & Procedure § 1604 ("By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases.").[2]

---

[1] The Rule used to refer to a required party as a "necessary party." Bacardi Int'l Ltd., 719 F.3d at 10 (citing Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989)).

[2] In proceeding with its inquiry into both necessity and indispensability, a district court should keep in mind the policies that underlie Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." Picciotto, 512 F.3d at 15–16.

Rule 19 requires the Court first to determine if an absent party is a "required party" under Rule 19(a). Rule 19(a) provides this standard:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1); Bacardi Int'l Ltd., 719 F.3d at 10. "Questions under Rule 19(a) are fact-bound and driven by the nature of the issues before the court." Bacardi Int'l Ltd., 719 F.3d at 10. The Court of Appeals for the First Circuit has "reject[ed] any notion that the analysis required by Rule 19(a) may be displaced by a flat rule that whoever is a party to an arbitration, no matter how limited the award, is automatically a required party in a petition to confirm an award." Id. at 9–10.

### 1. *Whether in Reiss' absence, complete relief cannot be afforded*

Petitioner notes that "Merrill Lynch was the only named respondent in the Arbitration in which the Award was rendered." (Docket No. 26). Thus, Petitioner seeks "confirmation of the Award through the filing of th[is] Petition for Confirmation." (Docket

No. 26). The joinder of Mr. Reiss to this action, who was not named as a party in the Arbitration, would have no effect on the relief sought by Merrill Lynch, the confirmation of the Award, which is the main relief sought. Id. This relief, in turn, includes, as part of the Award, expungement relief as to Mr. Reiss. Id. The Court agrees with Petitioner. Undoubtedly, complete relief can be afforded without Mr. Reiss's participation.

### 2. *Whether the Mr. Reiss' ability to protect his interests is impaired*

"[S]ubsection [19(a)(1)(B)(1)] is concerned with protecting the interests of the absent party." Bacardi Int'l Ltd., 719 F.3d at 10. The confirmation of the Award in Mr. Reiss' absence will not impede his ability to protect his interests. In fact, Merrill Lynch and Mr. Reiss have identical interests: the confirmation of the Award. Thus, Mr. Reiss' interests will not be impaired, instead they will be advanced and secured by Petitioner.

In Bacardi Int'l. Ltd, the Court of Appeals for the First Circuit recognized the above reasoning stating that "'we fail to see how proceeding without [the absent party] would 'as a practical matter impair or impede' the [absent party's] interests, interests that [the present party's] counsel can adequately protect.'" Id. at 11 (quoting Pujol, 877 F.2d at 132). "Where an existing party has 'vigorously addressed' the interests of absent parties, we have no need to protect a possible required party from a threat of serious injury. Id. at 12.

It is clear that complete relief can be afforded without joining Mr. Reiss as party and without impairing his interests. If anything, the only outcome of Mr. Reiss' joinder as

party would be the destruction of complete diversity that exists between the parties. "When the change in parties does not affect the course of the litigation, and does not embarrass the defendant, requiring the plaintiffs to start over in the district court would entail needless waste and runs counter to effective judicial administration." Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 977 (1st Cir. 2014).  Here, Merrill Lynch has expressed that if the Court were to agree with Respondent, it would seek leave to amend its petition to eliminate the request for expungement relief.  Petitioner "should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity."  Newman–Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989). This goes against judicial economy and the policies that underlie Rule 19 and FINRA's Rule 2080, which requires "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief." FINRA, Rule 2080. "'[E]ven on questions of a court's adjudicatory authority in particular, salvage operations are ordinarily preferable to the wrecking ball.'" Cason, 770 F.3d at 978 (quoting Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 592 (2004) (Ginsburg, J., dissenting)).

    For the foregoing reasons, the Court finds that Reiss is not a required party under Rule 19.

B.  Award Confirmation

Petitioner requests: (1) confirming the Award rendered on March 20, 2018, in its entirety; (2) entry of final judgement in favor of Merrill Lynch and against Collado-Schwarz in the amount of $138,860 plus pre-judgment interest from the date of the Award, and (3) entry of an order directing the FINRA CRD system to expunge any and all references to the Arbitration from the CRD records of Mr. Reiss (CRD #5814882). (Docket No. 1).

The FAA's bedrock provision establishes the validity, irrevocability, and enforceability of arbitration agreements in commercial contracts. 9 U.S.C. § 2. Section 9 of the FAA provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9; see also UBS Fin. Servs. Inc. v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 223 F. Supp. 3d 134, 137 (D.P.R. 2016). "[R]eview of the arbitration award itself is 'extremely narrow and exceedingly deferential.'" Bacardi Int'l

**Civil No. 19-1248 (GAG)**

Ltd., 719 F.3d at 13 (quoting <u>Bangor Gas Co., LLC v. H.Q. Energy Servs. (U.S.), Inc.</u>, 695 F.3d 181, 186 (1st Cir. 2012).

Pursuant to FINRA Rule 2080, the arbitration award directing expungement shall contain at least one of the following arbitral findings: (a) the claim, allegation or information is factually impossible or clearly erroneous; (b) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation or conversion of funds, or, (c) the claim, allegation or information is false.  See <u>Ex parte Popular Sec., Inc.</u>, Civil No. 12 -1564 (J. Garcia Gregory), 2013 WL 12212696, at *3 (D.P.R. 2013).  Here, the record reflects that the Panel of Arbitrators complied with the aforementioned rule in issuing the arbitration award in FINRA Dispute Resolution in Case Number 16-1592. The Award states, in relevant the parts:

> The Panel recommends the expungement of all references to the above-captioned arbitration from registration records maintained by the CRD for non-party Reiss (CRD# 5814882), with the understanding that, pursuant to Notice to Members 04-16, non-party Reiss must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.
>
> Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.
>
> Pursuant to Rule 12805 of the Code of Arbitration Procedure ("the Code"), the Panel has made the following Rule 2080 affirmative finding of fact:

Civil No. 19-1248 (GAG)

> The claim, allegation, or information is false.
>
> The Panel has made the above Rule 2080 finding based on the following reasons:
>
> Claimant stated that he is of "advanced age," a "conservative" investor and "not knowledgeable or sophisticated in securities, investments or finance," but "intelligent…with a good understanding of business matters."

(Docket No. 1-1).

The Court finds the Award is valid and enforceable, and having the Court jurisdiction over this matter, the Court orders the confirmation of the arbitration Award issued by the FINRA Panel of Arbitrators, pursuant to Section 9 of the FAA. Final judgment shall be entered in favor of Merrill Lynch and against Collado-Schwarz in the amount of $138,860.00 plus interest at the Commonwealth of Puerto Rico judgment rate of 5.25% from the date of the Award until payment of the Award in full, and orders the CRD system to expunge the information related to this claim from Mr. Reiss' CRD record.

Respondent's Motion to Dismiss at Docket No. 22 is **DENIED**, Petitioner's Motion to Confirm award is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of September, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
